VON CLINE v. CLINE, ADMINISTRATRIX, ETC.

[No. 19,228. Filed March 28, 1960.]

474

*Oliver D. Wheatley,* of Tipton, and *Campbell, Campbell, Malan & Kyle,* of Noblesville, for appellant.

*A. W. Bolton,* of Tipton, and *Albert W. Ewbank,* of Indianapolis, for appellee.

RYAN, J.—This was an action instituted by appellant as petitioner in the Tipton Circuit Court to determine his heirship in the estate of Luther M. Cline, deceased. Trial was held by the court and the petition of appellant to be declared an heir of Luther M. Cline was denied. Thereafter, appellant filed his motion for a new trial and appellant assigns as error the overruling of this motion.

The appellant's motion for a new trial is as follows:

"1. The decision of the Court is not sustained by sufficient evidence and is contrary to law.

"2. The Court erred in excluding the following evidence offered by the petitioner:

"(a) Transcript of record of cause number 12180, Tipton Circuit Court, State ex Rel Minnie Hash v. Luther Cline;

"(b) Birth Certificate of Robert Eugene Von Cline;

"(c)    All supporting papers in Cause Number 12180, Tipton Circuit Court, State ex Rel Minnie Hash v. Luther Cline;

"(d)    ,Order Book Entry in Civil Order Book 55, Page 82 Clerk's Office Tipton Circuit Court.

"(e)    All other exhibits tendered by the petitioner."

Where the admission or exclusion of documentary evidence by the trial court is in question, the motion for a new trial must set out the exhibits, or the substance thereof, *Greek et al.* v. *Seward et al.* (1943), 222 Ind. 211, 51 N. E. 2d 3; *Gray* v. *Hawke Motor Sales, Inc.* (1953), 124 Ind. App. 74, 112 N. E. 2d 459; *Ross* v. *Thompson et al.* (1957), 128 Ind. App. 89, 146 N. E. 2d 259, and the objections and ruling of the trial court. *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205; *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 93 N. E. 2d 363; Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, Ch. 30, §1812, Comment 8 (a), and Ch. 35, §1977; 1 I. L. E. Appeals, §172. This is so because the function of the Appellate Court is to review questions of law decided by the trial court, and the ruling of such court will not be reversed unless the trial court is first given the opportunity to correct the alleged error by the motion for a new trial. The appellant here fails to comply with this rule, and thus his Specification No. 2 presents no question.

As to appellant's first specification, the assignment that the decision is not sustained by sufficient evidence presents no question, since the decision was negative to the appellant, upon whom rested the burden of proof. *Pokraka* v. *Lummus Co.* (1951), 230 Ind. 523, 104 N. E. 2d 669; *Metrailer* v. *Bishop*

(1959), 130 Ind. App. 77, 162 N. E. 2d 94. As to the assignment that the decision was contrary to law, the appellant raises the question as to whether or not he was denied relief which he was entitled to under the evidence.

The only evidence adduced at the trial was the testimony of the appellant, who identified a purported birth certificate, and one Booth Hash, who told of an illegitimate child having been born to Minnie Hash. Upon such evidence we cannot conclude that the finding of the court was contrary to law. Judgment is therefore affirmed.

Judgment affirmed.

Myers, C. J., Ax, Cooper, JJ., concur.

Note.—Reported in 165 N. E. 2d 608.