SMITH ET UX. *v.* ATKINSON ET AL.

[No. 19,479. Filed March 14, 1962. Rehearing denied April 24, 1962. Transfer denied June 5, 1962.]

*Murray, Mannon, Fairchild & Stewart,* and *James J. Stewart,* of Indianapolis, for appellant.

*Barney & Hughes,* and *Francis M. Hughes,* of Indianapolis, for appellees.

RYAN, C. J.—Plaintiffs-appellants filed their complaint for damages and to abate a nuisance, alleging in substance that they were the owners of Lot 12 in Avalon Hills, and that they had erected certain improvements on Lot 12, one of which was a crushed stone driveway passing over a natural ravine and watercourse. Further, that they had provided for the continued drainage in the watercourse by an 18 inch culvert. They also alleged that the defendants-appellees were the owners of Devonshire Third Section and that the defendants had improved such real estate by laying out therein three hundred (300) lots and building streets, roads and drainage ditches. The complaint further alleged that as a consequence of this improvement in Devonshire Third Section, the appellees diverted and discharged "onto and over plaintiffs' property in great quantities" the surface water from Devonshire Third Section, and further that the improvements and alterations made by the appellees in Devonshire Third Section caused the surface water to flow upon appellants' property in greater volume and with greater acceleration, and that as the result thereof, they have had to rebuild and resurface their driveway, and that such flow of water was a nuisance and should be abated.

Appellees filed their answer, the cause was submitted to the court without the intervention of a jury, and judgment was rendered by the court declaring that the plaintiffs take nothing by their action and that defendants recover their costs.

The appellants filed their motion for a new trial, which was overruled, and appellants now assign as error the overruling of their motion for a new trial. The motion for a new trial contains two specifications: 1. The decision of the court is not sustained by sufficient evidence, and 2. The decision of the court is contrary to law. The first specification of error presents us with no question, since the decision was negative to the plaintiffs, and we are thus concerned only with the second specification that the decision of the court was contrary to law.

Both parties have presented us with well reasoned briefs in which appellant submits the contention that where an owner of land alters the natural condition of his land so as to concentrate and increase the discharge of water by artificial means onto the property of another, he creates a nuisance and becomes liable for any injury caused, while the appellees in turn submit the argument that there existed a well-defined watercourse and channel upon the land of the appellees which extended over the appellants' land and the appellees had the legal right without enlarging the original drainage area to collect the surface water thereon and to discharge such surface water into the watercourse where it had previously flowed without liability to the appellants, provided that the capacity of the existing watercourse was not thereby unreasonably overtaxed.

There is a divergency of opinion as to the rules of law applicable to this type of case. These rules are well and thoroughly discussed in Annotations in 28 A. L. R. 1262 and 59 A. L. R. 2d 422. The rule which governs in Indiana is stated in 29 I. L. E. Water, §53, as follows:

> "While the owner of upper or higher land may make such drains on his land as are required by good husbandry and the proper improvement of the surface of the ground, and such as may be discharged into natural channels without inflicting unnecessary injury on the adjacent owner, the right of the upper landowner to discharge surface water on the lower land is a right of flowage only in the natural ways and in natural quantities, and he may not alter the natural conditions so as to change the course of the water, or concentrate it at a particular point, or by artificial means increase its volume. Accordingly, an upper landowner may not, by a channel, sewer, ditch, or drain, collect or concentrate the surface water and cast it on the lands of the lower proprietor, either intentionally or negligently, without incurring liability for the damages caused thereby."

In applying the substantive rule of law to the particular factual situation presented to us, we consider that evidence most favorable to the appellees and it is only where the evidence is without conflict and leads to but one conclusion and the trial court has reached an opposite conclusion that the decision of such trial court will be set aside on the grounds that the decision is contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Metrailer et al.* v. *Bishop et al.* (1959), 130 Ind. App. 77, 162 N. E. 2d 94.

Appellant George Smith testified that the builder of his home put a culvert under the driveway 18 inches

in diameter, and that a fill of from 4 1/2 to 5 feet high and approximately 12 feet wide at the base, 10 feet wide at the top, and 100 to 150 feet long had been made.

Robert F. Wirshing, a civil engineer who testified in behalf of the appellants, testified that he saw no negligence in the general draining engineering and that the watercourse through the appellants' property averaged 10 to 12 feet in depth and was about 6 to 6 1/2 feet deep at the point where appellants had constructed their driveway. He further testified that if the driveway had not been constructed over the ravine the ravine was wide enough to hold water from above. Mr. Wirshing testified that he inspected the Devonshire Addition and it appeared to him from probing around the ground the drainage area was small, probably from 5 to 6 acres, and he reached the conclusion that an 18 inch culvert would be adequate, and that since the improvements had been made in the Devonshire area "to my knowledge, obviously, more water is being precipitated down there." He further testified that if he had determined the water shed serving the watercourse was 18 or 19 acres he would have used a larger culvert, and that for 18 acres he presumed it would take a 27 to 30 inch culvert.

Mr. Hubert L. Longest, a civil engineer who had engineered the Devonshire Third Section for the appellees, testified that he had a topographical map made of such section to show the drainage area involved. He further testified that approximately 20 acres were included in the drainage area which ran into the natural watercourse. He further testified that no water was permitted to flow into the water-

course which did not flow into it before, nor was water permitted to flow into the watercourse which had previously flowed elsewhere, nor was any water diverted from any other area to this particular area, and that a 30 inch culvert which was constructed under one Harbridge Road to enter into the watercourse in question was based upon engineering and drainage tables denoting the runoff coefficient.

Without burdening the opinion with a further review of the evidence adduced at the trial, suffice it to say that a conflict in the facts material to the issues existed, and such evidence does not unescapably lead us to a result other than that reached by the trial court. Under the rule of law which we have enunciated above, and the particular facts of this case, the judgment is affirmed.

Judgment affirmed.

Ax, J., and Cooper, J., concur.

Myers, J., not participating.

NOTE.—Reported in 180 N. E. 2d 542.