GRUSD *v.* GRUSD, GUARDIAN, ETC. ET AL.

[No. 19,691. Filed September 17, 1963.]

*George E. Tobias,* of Kokomo, for appellant.

*Jerry L. Angel* and *Lacey, Angel & Good,* of counsel, of Kokomo, for appellee.

KELLEY, J.—Appellant duly commenced action in the Howard Superior Court against the appellee by com-

plaint for declaratory judgment, alleging, *inter alia,* that on December 27, 1944 his brother, Ted Grusd, became the owner by purchase of a life insurance policy, No. 4003365, issued by the John Hancock Mutual Life Insurance Co., on the life of the named minor, Richard Allen Grusd, son of said Ted Grusd; that on January 9, 1948, said Ted Grusd designated appellant as the "contingent" owner of said policy, which appellant accepted and which was endorsed on the policy; that said Ted Grusd deceased during the month of March, 1955; that appellee, Leola Grusd, is the mother and legal guardian of said insured, Richard Allen Grusd; that appellant is the contingent owner of said policy and, as such, is "entitled to all of the rights, power, and privileges granted to the owner under the terms of said policy; that a controversy has arisen between appellant and said appellee, Leola, as to the ownership and possession of the policy and "how payment is to be made, if at all, and to which parties"; and that the court enter a declaratory judgment or decree, declaring the respective "rights and obligations" of the parties under the policy and that appellant "is entitled to payment of the proceeds" of the policy.

The complaint made the same allegations with respect to another policy, No. 4537714, issued by said insurer on the life of Gregory Lane Grusd, son of said Ted Grusd, but the court found and adjudicated that appellant had no interest in said policy, and appellant makes no complaint as to said finding and adjudication. Said adjudication as to said latter mentioned policy is, therefore, unchallenged by this appeal and no further consideration will be given thereto.

Upon issues appropriately closed, said cause was submitted to the court for trial. After due hearing, the court found, in material substance, that appellant "is

the owner as Trustee for Richard Allen Grusd" of said policy No. 4003365 and that appellant is entitled to receive all monies due thereunder "for the use and benefit" of said Richard Allen Grusd until the latter "attains the full age of 21 years on the 25th day of February, 1962." Judgment followed the said finding and further provided that any and all funds received by appellant by virtue of said policy "until the 25th day of February, 1962" be paid over by appellant at said trial to said Richard Allen Grusd.

Assigned errors are that the court erred in overruling appellant's motion for a new trial; that the court erred in overruling appellant's objections to admittance of certain evidence; that the court erred in its "conclusion of law" that appellant hold the policy proceeds as a "Trustee"; and that the court erred in its conclusions of law, and in its decision, judgment and decree. As the court was not requested to make special findings and conclusions of law and did not enter or state any such special findings and conclusions, no error can be predicated thereon. The motion for a new trial properly specifies only that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in overruling appellant's objections to a certain question put to a witness, "Mack White."

In view of the conclusion we have reached, it becomes unnecessary to consider said assigned errors.

The life insurance policy here involved contains the following provision:

"The Insured shall be the Owner of this policy upon his attaining the age of twenty-one years, if the policy is then in force. The Applicant Owner shall be the Owner hereof until the Insured attains the said age or until the Applicant Owner's

death or legal disability when his title shall cease, and thereupon the Insured shall be the Owner hereof, unless there is a Contingent Owner named and then living, in which case the Contingent Owner shall be the Owner hereof until the Insured attains the said age . . . , when his [Contingent Owner's] title shall cease, and thereupon the Insured shall be the Owner hereof; . . . ." (Descriptive words in brackets are supplied).

Under said express provision of said policy, the said Richard Allen Grusd became the owner thereof on his twenty-first birthday, which occurred on February 25, 1962. It appears that appellant has received no funds or payments under or by virtue of said policy and, by reason of the aforesaid quoted express provisions of said policy and the attainment of the age of twenty-one years by said Richard Allen Grusd, appellant's title to the policy ceased and determined on February 25, 1962 and with it his right to the ownership or possession thereof and any right he may have enjoyed prior to February 25, 1962 to receive any payments, funds, proceeds, or monies on or under or by reason of said policy.

It follows that all questions sought to be presented by appellant on this appeal are now moot. If the judgment herein appealed from be reversed and the cause remanded for a new trial, appellant's complaint, as now drawn, would state no cause of action for declaratory relief and, in our opinion, under the express provisions of the very policy appellant relies upon, and particularly the provisions thereof above quoted, said complaint could not be in any way so amended or expanded as to state a legal cause of action upon the theory adopted and proceeded upon by appellant in this action. Appellant neither possessed nor possesses any greater or different legal rights to or under the policy than those granted by its provisions and terms. Any and all legal

or equitable rights or claims by appellant in, to or under the involved policy, under the evidence given at the trial and set forth in the record before us, ceased, expired and terminated, by the express terms of the policy, on February 25, 1962. Whether the judgment now appealed from be found or determined to be correct or erroneous, the express terms and provisions of the policy which provides the foundation for appellant's prayer for declaration of his rights thereto and thereunder, would not and could not be thereby altered, changed or modified.

If, as appellant contends, the trial court erred in declaring him to be a trustee of the policy funds or payments for the use and benefit of the then minor insured, Richard Allen Grusd, such trusteeship, by the terms of the judgment, terminated on February 25, 1962. Under such circumstance, that part of the judgment declaring and adjudicating appellant to be such trustee for said stated purpose, ceased to be operative on February 25, 1962 and, upon the record herein, became moot as a ground for asserted reversible error. Therefore, the right to ownership of the policy is the only possible remaining enquiry. The afore-quoted provision of the policy finally and definitely determines that question.

The record does not disclose the establishment of any presently existing equitable right in appellant to the ownership or possession of the policy or to any monies, payments, or proceeds which may be due or payable or which may become due or payable thereon or thereunder. Appellant became the "contingent" owner of the policy by designation of his brother, Ted, on January 9, 1948, at which time Richard Allen Grusd was a minor child closely approaching his seventh birthday. The endorsement on the policy designating appellant as contingent owner thereof specifically provides that appel-

lant's contingent ownership is "subject to all its (the policy) provisions." One of such provisions, quoted above, brought appellant's said contingent ownership to an end when said Richard Allen Grusd attained the age of twenty-one years on February 25, 1962 and on said date Richard Allen Grusd became the absolute owner of said policy.

Thus it conclusively appears that a subsequent event, namely, the attainment by Richard Allen Grusd of the age of twenty-one years, during the pendency of this appeal, has rendered moot all questions herein proffered and there is now no actual existing controversy between the parties to this action. No decision rendered by this court in this case could now grant any effectual relief, serve any useful purpose, or possess any practical effect or importance. The matters sought to be here presented involve no questions of great public interest nor any affecting the public generally. Consequently, it seems appropriate to dismiss this appeal. *International Harvester Co.* v. *Snavely* (1959), 129 Ind. App. 567, 158 N. E. 2d 802.

Appeal dismissed.

Mote, C. J., Hunter, Pfaff, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 499.