MONTGOMERY v. GERTEISEN.

[No. 19,845. Filed February 5, 1964. Rehearing denied March 2, 1964.]

*John H. Jennings, Harold Wilson, Jr., Iglehart & Hewins, Elvin H. Hewins* and *Hugo C. Songer,* all of Evansville, for appellant.

*Fred P. Bamberger,* and *Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

MOTE, J.—This is an appeal emanating from the Warrick Circuit Court from a judgment on the jury verdict denying damages to appellant for injuries suffered by him, as a pedestrian, in a collision with an automobile driven by appellee. The cause was venued from Vanderburgh County to Warrick County and the Honorable A. Dale Eby presided at the trial as Special Judge.

The complaint alleges in substance that the appellant, as a pedestrian, was injured at the intersection of Northwest Fourth Street and Court Street in the city of Evansville. Northwest Fourth Street runs in a general northwest-southeast direction and Court Street runs in a general northeast-southwest direction.

Appellant, while walking in Evansville, reached a point on the sidewalk adjoining Court Street and, in response to a pedestrian traffic control light exhibiting the word "Wait", he stopped. When said control light changed to "Walk", appellant stepped from the sidewalk and curb into Court Street within the cross-walk marked in white lines on said street "For Pedestrian Crossing."

Appellant alleged further that when he had proceeded in said cross-walk, approximately one-fourth (1/4) of the distance across the street, he was struck by a Dodge automobile being driven by appellee, and the impact resulting knocked him to the pavement, thus causing him injury, details of which are alleged in the complaint, but are not regarded as necessary to be set forth herein.

Appellant charged in his complaint that his injuries were caused by the carelessness and negligence of appellee in operation of her automobile in the following particulars:

"A. In carelessly and negligently failing to yield the right of way to the plaintiff crossing said Court Street in the crosswalk thereon provided for pedestrians, at a time when the pedestrian traffic control signal exhibited the word 'Walk' in green letters for pedestrians crossing said street in said crosswalk.

"B. In carelessly and negligently failing to maintain a sufficient look-out to observe the plaintiff and avoid striking him walking as a pedestrian across said street in said crosswalk.

"C. In carelessly and negligently failing to have her said automobile under control sufficiently to avoid striking the plaintiff walking as a pedestrian across said street in said crosswalk.

"D. In carelessly and negligently failing to sound her horn or to give any other signal or reasonable or timely warning to the plaintiff that she in-

tended to continue driving said automobile on her course on Court Street.

"E. In carelessly and negligently failing to stop her said automobile at said crosswalk to avoid striking the plaintiff walking as a pedestrian across said street in said crosswalk provided for pedestrian traffic thereon.

"F. In carelessly and negligently failing to reduce the speed of the automobile she was driving and to stop before driving said automobile onto said pedestrian crosswalk when she saw or in the exercise of reasonable care and caution should have seen that an automobile proceeding in the opposite direction on said Court Street had stopped on the far side of said crosswalk before entering same, for the obvious purpose of leaving said crosswalk free for movement of pedestrians therein and thereon."

A motion to make the complaint more specific was overruled and a demurrer to parts of the complaint was overruled. Appellee then answered the complaint under Rule 1-3, thus putting the cause at issue. As above stated, the case was tried before a Special Judge in the Warrick Circuit Court by a struck jury demanded by appellee.

The jury was selected, preliminary instructions given to the jury and evidence was heard. Appellee tendered, and the court gave, an instruction withdrawing certain parts of the complaint from consideration by the jury. Appellant and appellee tendered certain instructions which were given or refused and the cause was submitted to the jury, which returned a verdict for appellee, upon which consistent judgment was entered.

Appellant's motion for new trial, which was overruled, contained numerous specifications of alleged error; however, in his assignment of errors filed in this court, asserting error in overruling the said motion for

new trial, he alleges and relies upon, only eleven (11) specifications, which read as follows:

"A. Appellant Contends that the Verdict of the Jury is Contrary to Law.

"B. Appellant Contends that the Court Erred in Overruling Plaintiff's Challenge for Cause of the Juror, Jacob G. Clark.

"C. The Court Erred in Refusing to Give to the Jury, Appellant's Instruction No. 7.

"D. The Court Erred in Giving to the Jury Appellee's Instruction No. 11.

"E. The Court Erred in Giving to the Jury Appellee's Instruction No. 12.

"F. The Court Erred in Giving to the Jury Appellee's Instruction No. 15.

"G. The Court Erred in Giving to the Jury Appellee's Instruction No. 20.

"H. The Court Erred in Giving to the Jury Appellee's Instruction No. 24.

"I. The Court Erred in Giving to the Jury Appellee's Instruction No. 27.

"J. The Court Erred in Giving to the Jury Appellee's Instruction No. 36.

"K. The Court Erred in Overruling the Objections of Appellant to Questions by Appellee of Ivan Wohlhueter and Wilbur Jordan and in Admitting Answers Thereto."

All specifications of error in the said motion for new trial save those in the assignment of error, eleven (11) in number, are therefore waived.

The first assigned error asserts that the verdict of the jury is contrary to law. In support thereof, appellant sets forth in the condensed recital of the evidence what he interprets to be a fair resumé thereof; however, he has wholly failed, in our opinion, to demonstrate how, and in what manner, the evidence does not support the verdict, either as a matter of fact or of

law. Insofar as appellant is concerned, he received a negative verdict and the evidence in the case, although sharply in conflict, may be said to support the finding of the jury. As an example, at the request of appellee, there was read into the evidence a certain letter written by appellant, as follows:

"                                    May 23, 1959

Honorable Judge Bates,
Judge of City Court,
Evansville, Indiana.

Your Honor,
    I wish you would consider the complications of the traffic signals at Fourth and Court Sts. before you try Mrs. Rita Gerteisen (appellee). I am certain that you will understand the situation and be most lenient with this fine lady.

                    /s/  E. A. W. Montgomery
                         E. A. W. Montgomery
                         Victim of the accident."

Furthermore, appellee appears to have testified, and without rebuttal or denial, that shortly after the accident appellant said:

"It's just as much my fault as it is yours, and I'm mad at the officers for giving you this ticket . . ."

With such evidence before the court and jury, it seems to us that appellant's contentions under the first assignment of error falls short indeed and is wholly without merit.

It is only where the evidence is without conflict and leads to but one reasonable conclusion and the lower court has reached a contrary conclusion, that the decision will be disturbed as contrary to law. *A. S. C. Corporation* v. *First National Bank of*

*Elwood et al.* (1960), 241 Ind. 19, 167 N. E. 2d 460; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Smith et ux.* v. *Atkinson et al.* (1962), 133 Ind. App. 430, 180 N. E. 2d 542.

With regard to the second assignment of error "B" above, a careful reading of the questions and answers in the examination of the juror discloses that said assigned error is without merit. Not only do the answers by the juror qualify him to serve, but we doubt seriously if the record shows a proper challenge. We think appellant has failed to show an abuse of the trial court's discretion in this matter.

Appellant contends, under his assignment of error "C" that the trial court erred in refusing to give his tendered Instruction Number 7, which was based on the following statutory provision:

> "When traffic control signals are not in place or not in operation, the driver of a vehicle shall yield the right of way, slowing down or stopping if need be, so to yield to a pedestrian crossing the roadway within a cross-walk . . . "

The refusal to give appellant's tendered Instruction Number 7 must be considered in light of the evidence then before the court and the other instructions given to the jury. We have no difficulty in concluding that the tendered and refused instruction, if given, would have been confusing and, also, that said refused instruction did not fit the situation shown by overwhelming evidence that there were a great number of traffic control signals at and near the place of collision. Appellant unquestionably relies upon a "Wait" and "Walk" pedestrian signal in advancing his appeal; however, it is admitted that appellee had come through vehicular traffic signals giving her freedom to proceed immediately prior to the collision. Since the instruction

says "When traffic control signals are not in operation . . . ", the jury may have been mislead if said tendered instruction had been given.

Appellant also asserts that the trial court erred in giving appellee's Instruction Number 11, which told the jury that the law of Indiana provides that no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it would be impossible for the driver to yield. As to the propriety of giving the instruction which is raised by appellant's assignment of error "D", an examination of the evidence indicates that before appellant stepped from the curb to cross the street he was engaged in a colloquy with at least one other person and, as we have remarked above, there is no evidence showing that appellee was not driving in a careful and prudent manner. In our opinion, appellant himself, even though a pedestrian, had a duty to exercise due care as respects his own safety. See *Cushman Motor Delivery Co.* v. *McCabe, Admr.* (1941), 219 Ind. 156, 36 N. E. 2d 769. He was not entitled to assume that he, and he alone, had the right to use the street for crossing at the time of the collision. There was, indeed, evidence that he looked both ways before he stepped from the curb to cross the street. There was evidence, also, that appellee did not see appellant before the collision took place. If appellant, when he looked both ways, and particularly when he looked to his left, did not see appellee's automobile approaching, obviously, he failed, as a fact, to see what was there. If appellee's automobile were not approaching and in close proximity to the pedestrian crossing, there would have been no collision. Since we must conclude that appellee's automobile was approaching and in close proximity to the pedestrian crossing,

wherein the collision took place, and since there appears from the evidence that a reasonable person might conclude that appellant walked into appellee's automobile, it would be within the bounds of reason and logic that the jury at least could have inferred from the evidence that appellant did suddenly step from the curb, a place of safety, and walk into appellee's automobile.

The appellee was entitled to have an instruction on this theory submitted to the jury, since it was within the issues and was supported by the evidence and permissible inferences which could be drawn therefrom. Hence, there was no error in giving said instruction. See *Lawson et al.* v. *Webster* (1962), 133 Ind. App. 296, 181 N. E. 2d 870.

Instruction Number 12, which was given by the trial court, objected to by appellant and is alleged to be erroneous, told the jury that if the accident, injuries and damages were not the result of appellee's negligence but were caused by appellant's attention being diverted by another person, then the appellee, as defendant below, would not be liable.

We think our remarks in reference to Instruction Number 11 are applicable here and we can find no error in giving Instruction Number 12.

Instruction Number 15, which was read to the jury, says that if the plaintiff, appellant herein, failed to use reasonable care and such failure contributed to produce his injuries, then the said plaintiff cannot recover. Appellant objects to the use of the phrase, "contributed to produce". He contends that the element of proximate cause is omitted.

We do not agree with appellant. Indiana has held that the proximate cause is the producing cause. *Cin-*

*cinnati, Hamilton, and Dayton Railway Company* v. *Armuth* (1913), 180 Ind. 673, 103 N. E. 738. The term "proximate cause" or "proximate" need not be used in an instruction on contributory negligence, if words are used which exclude the idea of a remote, indirect, or insignificant causal connection. *Cousins, By Next Friend* v. *Glassburn* (1940), 216 Ind. 431, 24 N. E. 2d 1013. We think the phrase in issue is sufficient to exclude the idea of a remote, indirect, or insignificant casual connection. Negligence which materially, directly or proximately contributed to an injury is described as that negligence which "helped to bring about." See *Huey* v. *Milligan* (1961), 242 Ind. 93, 99, 175 N. E. 2d 698. The phrase "contributed to produce" adequately conveys the meaning of "helped to bring about."

Appellant also contends that the instruction is erroneous in that it ignores the fact that appellant was in a cross-walk and had the right of way. The evidence as to which party had the right of way was in conflict, due to the confused state of traffic control devices there existing. Therefore, it was not error to employ the method used to instruct the jury as to appellant's duty to exercise reasonable care. We think the trial court did not err in giving Instruction Number 15; and we are not concerned with the question of whether or not error would have been committed by refusing to give said instruction, as are many of the cases cited by appellant.

Objections to Instruction Number 20, under assignment of error "G", do not include anything other than what we conceive the law to be in this case as revealed by and applied to the evidence. It was not error to give the instruction, which reads as follows:

"The Court instructs you that it was the duty of the plaintiff, Earl Montgomery, in walking from

the south side to the north side of Court Street at the time and place complained of, to exercise caution commensurate with the known dangers thereof, if any. He was bound to know that automobiles or other vehicles might be traveling upon said street and exercise due care accordingly, and if you find from the evidence that the plaintiff, Earl Montgomery, went upon said street and if he had made reasonable use of his sight and hearing by looking and listening for vehicles at a place where he could have seen or heard a vehicle approaching him, if you find that there was such a place, and that such precautions were reasonable under the circumstancss and were such as an ordinary prudent person would have used in the exercise of reasonable care for his own safety under the circumstances, then the plaintiff, Earl Montgomery, was bound to do so, and if he failed to take such precautions and in consequences of such failure was injured, then under such circumstances the plaintiff cannot recover in this action and your verdict should be for the defendant."

Appellant further asserts error by the trial court when it gave Instruction Number 27 which was a "mere accident" instruction. It is said that some courts are reluctant to give instructions of this character. In the instant case, however, there is evidence to support an inference that the collision was a mere accident. The instruction was therefore appropriate. See *Keck* v. *Pozorski* (1963), 135 Ind. App. 192, 191 N. E. 2d 325; *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712.

Assignment of error "J" questions the propriety of Instruction Number 36. Appellant objected to the giving of it as follows:

"This instruction in this form entirely ignores the legal principles of due care and proximate cause. It simply does not state those requirements of negligence and proximate cause, and yet the instruction is mandatory in form. The instruction

also omits the necessity of proof by a preponderance of evidence."

The said objections do not present any significant reasons as to impropriety of the said instruction. The said instruction neither covered the matters contained in the objections nor was it necessary so to do. We are not impressed with the contention that the instruction is mandatory. By the court's preliminary Instructions Numbers 1, 2 and 3, and by appellant's Instructions Numbers 1, 2 as amended, and 3 as amended, which the court gave, the jury was satisfactorily and sufficiently instructed as to due care, proximate cause, negligence, and preponderance of the evidence. In support of the law with regard to instructions, the jury was told by preliminary Instruction Number 6 that "the Court does not attempt to embody all the law applicable to this case in one instruction, but in considering any one instruction you must consider it in the light of, and in harmony with, every other instruction given, and so considering and construing, apply the principles in it enunciated to all the evidence admitted upon the trial."

If appellant were not satisfied with the scope of the instruction or instructions given upon any phase of the law, it was necessary for him to prepare and tender instructions which were to him satisfactory, and lawful, upon the same.

Appellant has made a sharp attack upon various of the above instructions because, being mandatory in character, each of said instructions attacked should encompass all the law upon the subject or subjects thereby covered. To a degree, at least, appellant's contentions in this regard are correct. However, appellant's contentions concerning the subject or subjects covered do

not control the subject matter. We presume that there are many instructions employed in respect to and as applied to the particular facts of a given case which may be said not to be models. This does not suggest to us that any lack in this respect necessarily requires us to reverse a case. There is an overall theory that instructions in a given case must be such as to evince fairness and impartiality. No court can state all the law in a given case in each and every instruction. An attempt to do so would produce chaos in what otherwise can be, and has been, an orderly procedure.

Instructions are for the guidance of the jury, to assist them in their deliberations, to help them apply the facts to the law. So far as we know, the jury is permitted to consider all instructions as a body of the law; and we do not believe that they either can be, or are, impressed with any single instruction.

General instructions on such subjects as contributory negligence, last clear chance, burden of proof, negligence, etc., are of course required to announce all of the law, and every phase of the same, upon such subject, if the jury then is mandated to find one way or the other on the question. But this theory has no application, in our opinion, in relation to the application of the particular law on a particular subject which may or may not have been covered by other instructions. The mere assertion that any instruction is mandatory in character does not make it so.

As to the assignment of error "K", the fact that appellant's Exhibit No. 7 was admitted in evidence and which said exhibit was prepared after the collision and shows conditions different than those which existed at the time of said collision, was sufficient to require testimony concerning the alteration or change in the physical conditions.

Judgment affirmed.

Kelley and Pfaff, JJ., concur. Hunter, J., concurs in result.

NOTE.—Reported in 195 N. E. 2d 868.