MONTGOMERY *v.* LINCOLN LABORATORIES, INC., ET AL.

[No. 20,062. Filed July 29, 1965. Rehearing denied August 31, 1965. Transfer denied February 23, 1966.]

*Jerome B. Van Orman,* of Fort Wayne, for appellant.

*Thomas M. Moorhead,* of Fort Wayne, for appellees.

PRIME, P. J.—This is an action brought by the appellant to recover damages from the appellees on an injunction bond which had been executed by appellees in securing an injunction against the appellant in a prior action. From a judgment for appellees the appellant brings this appeal.

The error assigned is that the court erred in overruling appellant's motion for a new trial. The grounds in the motion for a new trial were:

1. The decision of the court is not sustained by sufficient evidence.
2. The decision of the court is contrary to law.

Both causes are grouped and supported by one argument in the appellant's brief.

This being an appeal from a negative judgment, we dispose of specification number 1 as having presented nothing for our consideration. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Christiansen* v. *Hockema et al.* (1962), 133 Ind. App. 417, 181 N. E. 2d 786.

To dispose of the second specification, that the decision is contrary to law, we must examine the prior action which is the basis of the case before us here on appeal.

The appellant herein had been an employee of the appellee, Lincoln Laboratories, Inc., as a salesman of drugs and pharmaceuticals. He had a written contract for three (3) years from July 1, 1957, to June 30, 1960, in which he agreed to sell excusively for his employer. Among other provisions in the contract, the appellant agreed that he would not sell the products of any other company of like type for a period of two (2) years after the termination of the contract.

Difficulties and differences arose between the parties shortly after the written contract was entered into. The parties then negotiated an oral contract which provided that the appellant agreed to work as division manager for a period of six (6) months commencing August 1, 1957, and terminating February 1, 1958. It was set out that the terms of the original three (3) year written contract would still be in effect but "held in abeyance" during the period of the oral contract. The principal change in the two contracts was the rate of commission which was 20% in the first contract and was

changed to 22% in the second contract. Further, the appellant herein covenanted and agreed not to work for any competitive company during the six (6) month period.

On November 19, 1957, the appellee herein, Lincoln Laboratories, Inc., filed suit against the appellant alleging that the appellant had left the employ of the appellee and had breached the terms of the six (6) month contract by obtaining employment with Savage Laboratories, Inc., a competing company, and was selling their products and exposing trade secrets of the appellee, Lincoln Laboratories, Inc.

A temporary restraining order and temporary injunction were prayed for and that, upon final hearing, a permanent injunction be issued.

On November 19, 1957, the court granted a *Temporary Restraining Order* as follows:

> "Comes now the plaintiff herein, by counsel and files verified complaint for injunction and application for temporary restraining order, which complaint and application are in the following words and figures, to-wit: (H. I.) And said restraining order is now by the Court granted as prayed as to the first paragraph of complaint.
>
> "It is ordered that the defendant be and he hereby is restrained from engaging in the employment of Savage Laboratories, Inc., of Houston, Texas, until notice and further order of this Court.
>
> "And the said plaintiff now files undertaking bond with United States Fidelity and Guaranty, as surety thereon, which bond is in the following words and figures, to-wit: (H. I.) And said bond is now by the Court approved.
>
> "Notice is now by the Court ordered to the defendant of the hearing on plaintiff's temporary injunction at 8:30 o'clock A.M. C.S.T., November 25, 1957."

On November 29, 1957, the court issued a *Temporary Injunction* as follows:

> "Come now the parties herein, by counsel, and the Court having had this matter under advisement, the Court now finds that the plaintiff should be granted a temporary injunction against the defendant.

"The defendant is therefore enjoined from working for Savage Laboratories, Incorporated in the same territory in which he worked while employed by the plaintiff, being those counties as set out in paragraph I of the plaintiff's complaint."

On June 4, 1959, the court heard the matter on the issues and rendered final judgment. The portion of said judgment pertinent to this appeal reads as follows:

"1. That the defendant be and is hereby *permanently* enjoined from engaging in the employment of SAVAGE LABORATORIES, INC., of Houston, Texas, in the counties of Kosciusko, Noble, Steuben, Whitley, DeKalb, Miami, Wabash, Huntington, Allen, Grant, Wells, Adams, Blackford, and Jay, and the cities and towns of Plymouth, Inwood, Bourbon, Etna Green, Argos, Tippecanoe, Walnut, Mentone, Talma, Sevastapol, Athens, Akron, Lake Manitou, Wagoner, and Rochester, all in the State of Indiana, and in the counties of Williams, Defiance, Paulding, Van Wert, Mercer, Allen, and Auglaize, all in the State of Ohio, for a *period of Six (6) months from the 1st day of August, 1957*."

The action upon which the appeal before us is based, consisted of a complaint filed on November 4, 1960, by the appellant against Lincoln Laboratories, Inc., and United States Fidelity and Guaranty Company, the surety on the bond in the injunction action above reviewed.

The appellant alleged that he was wrongfully prevented from carrying on employment for Savage Laboratories, Inc., from the 1st day of February, 1958, to the 4th day of June, 1959, when the final decree of the court was issued.

The trial court rendered judgment that the plaintiff (appellant) was *not* enjoined from engaging in the employment of Savage Laboratories, Inc., after February 1, 1958, in the certain territory and counties set out in the plaintiff's complaint.

Appellant's motion for a new trial was overruled by the court and the following reasons were given in support of this ruling:

"1. That the judgment rendered in this cause was a negative judgment and thereby no question is presented by specification No. 1 of the plaintiff's Motion for a New Trial.

"2. That by stipulation of evidence and furnished entry in this cause of action by both parties, the plaintiff admitted and stipulated that a temporary restraining order did not apply to the territory set out in plaintiff's complaint after February 1, 1958, and that the evidence is not in conflict and can lead to, but, one conclusion, which the Court found in judgment herein."

Thus, this court is confronted with the issue of whether the *temporary injunction* issued on November 29, 1957, was effective until February 1, 1958, or whether it was in effect until June 4, 1959, when it was dissolved by the final judgment in the action.

For a clear understanding of the facts, it is necessary to examine the complaint, upon which the restraining order, temporary injunction, and permanent injunction were issued.

The complaint consisted of Paragraph I, which was based upon the oral contract, and *the prayer of Paragraph I was for injunctive relief for the duration of the contract therein.* The contract described was the oral contract which stated that it was of six (6) months duration from August 1, 1957. Exhibit "A" set out the contract.

Paragraph II and Paragraph III of the complaint did not pray for a temporary restraining order or for a temporary injunction.

It seems clear from an examination of the record, that the temporary restraining order and the temporary injunction were directed to Paragraph I of complaint. Paragraph I of the complaint was a complete cause of action. It set out certain territory and a certain time limit to which the injunction was to apply.

The temporary injunction is governed in time by the allegations of Paragraph I which sets out specifically the oral

contract (Exhibit A) which covered the period from August 1, 1957, to February 1, 1958.

If the appellant thought the terms of the injunction were not clear he could have invoked Burns' Indiana Statutes, 1946 Repl., § 3-2102 and § 3-2117. Burns' § 3-2117 provides:

"Motions to dissolve or modify injunctions may be made in open court, at any time after the adverse party has had reasonable notice."

In *Economist Furnace Co.* v. *Wrought-Iron Range Co. et al.* (1898, DC Ind) 86 F. 1010 the court stated:

". . . It is of no avail for the defendants to say, even if the order were justly subject to that criticism, that it is broader or more general in its prohibition than was warranted by the bill; or that by reason of its generality or otherwise it was open to different constructions. It is well settled that under such circumstances the parties should apply to the court to modify or dissolve the order, or to construe it so as to remove doubts as to its meaning. . . ."

The prayer for relief requested a temporary restraining order, and upon notice and hearing, that appellant be enjoined from engaging in certain employment until the expiration of the contract therein described. The only contract described therein was "Exhibit A." This contract set out the *territory* covered and the *time* covered.

The *restraining order was "granted as prayed as to the first paragraph of complaint."*

The *temporary injunction* enjoined appellant "from working in the same territory in which he worked while employed by the plaintiff, being those counties as set out in Paragraph I of the plaintiff's complaint."

Burns' Ind. Statutes, 1946 Repl., § 3-2102 provides in part:

"When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great injury to the

plaintiff, . . .—an injunction may be granted to restrain such act or proceedings until the further order of the court; which may, afterward, be modified upon motion. . . ."

We hold here that the injunction was clear as to the intent of the court. The court directed the injunction to Paragraph I of the complaint. The territory was clearly set out and the time was to extend for a six (6) month period commencing August 1, 1957.

Any doubt, misunderstanding, or confusion by the appellant as to the terms of the injunction should have been remedied by asking the court to further interpret or modify the order as provided by statute.

The decision of the trial court was not contrary to law and the judgment is therefore affirmed.

Carson, J., concurs and Faulconer, J.*, concurs in result.

NOTE.—Reported in 209 N. E. 2d 273.

---

* While Judge Martin participated in the hearing of the oral argument and conference of the Judges above named, he did not participate in the adoption of this final opinion.