FARMERS MUTUALS INSURANCE COMPANY *v.* WOLFE ET AL.

[No. 20,693. Filed February 13, 1968. Rehearing denied
March 19, 1968. Transfer denied May 14, 1968.]

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellant.

*McDonald and McDonald,* of Princeton, for appellees, Mannings. *Maurice B. Miller,* of Princeton, for appellee, Ross Wolfe.

SMITH, J.—This is an action brought under the Declaratory Judgments Act, the same being Acts of 1927, Chapter 81, Burns' Indiana Statutes, §§ 3-1101, et seq. (1946 Repl.), for a declaratory judgment, wherein the appellant, Farmers Mutuals Insurance Company, hereinafter referred to as the insurance company, requests a judicial declaration declaring that no farm liability insurance policy, either oral or written, was ever issued by the insurance company to the appellee,

Ross Wolfe. The complaint further sought an adjudication declaring that no insurance coverage was ever in effect affording insurance coverage with respect to any liability asserted by the appellees, Larry Manning and Lorraine M. Manning, for personal injuries, loss of services, hospital and medical expenses, allegedly resulting from an accident occurring on June 26, 1958, wherein the appellee, Larry Manning, was injured as a result of being run over by a wagon being pulled by a farm tractor operated by the two minor sons of appellee, Ross Wolfe.

The appellees, Ross Wolfe, Larry Manning and Lorraine M. Manning, filed their respective answers to the complaint pursuant to Rule 1-3.

Upon these issues the cause was submitted for trial to the court and the court entered Special Findings of Fact and Conclusions of Law.

In accordance with the Special Findings of Fact and Conclusions of Law the court entered a judgment decreeing that the plaintiff insurance company take nothing by way of its complaint, and that the defendants and each of them recover of and from the plaintiff their costs and charges herein laid out and expended.

The plaintiff, Farmers Mutuals Insurance Company, timely filed a motion for a new trial, which reads in part as follows:

> "The plaintiff, Farmers Mutual[s] Insurance Company, moves the Court for a new trial upon each of the following and separate and several grounds, to-wit:
>
> "1. The decision of the Court is not sustained by sufficient evidence.
>
> "2. The decision of the Court is contrary to law."

The sole assignment of error is the overruling of a motion for a new trial.

The first question to be disposed of in this appeal presents a question of procedure. The appellees maintain that appellant's second ground of error as alleged in its motion for a

new trial, namely, that "The decision of the Court is contrary to law", presents no question on this appeal as to the Conclusions of Law as found by the trial court. It is necessary for the court to resolve this question before consideration of the appeal on its merits.

From an examination of the motion for a new trial it is quite evident that in said motion there is no error specifically addressed to any specific finding of fact or conclusion of law. Also, the appellant in its brief did not argue that the trial court erred in certain of its findings of fact and conclusions of law. Burns' Indiana Statutes, § 2-2401, prescribes eight statutory grounds for a new trial, one of which the appellant has relied upon. The prescribing of these grounds does not involve a matter of procedure, and no court by decision or rule can modify this statute. As far as we can determine from the decisions of our courts of appeal and from the rules adopted by our Supreme Court, it is also apparent that no court has attempted to modify this statute by judicial decree or rule. There are many cases which have specifically and without contradiction held that it is correct in appealing from a negative judgment in a trial by court to assign as error the overruling of the motion for a new trial *and to specify as a cause therefor that the decision of the court is contrary to law*. This appears to be exactly what the appellant has done in the case at bar. *Glass* v. *Bailey* (1953), 233 Ind. 266, 118 N. E. 2d 800; *Fox* v. *Ohio Valley Gas Corporation* (1966), 141 Ind. App. 408, 222 N. E. 2d 412; *Calvert* v. *London* (1965), 137 Ind. App. 595, 210 N. E. 2d 376; *Montgomery* v. *Lincoln Laboratories, Inc.* (1965), 138 Ind. App. 356, 209 N. E. 2d 273; *Beaty* v. *Donaldson* (1964), 136 Ind. App. 269, 200 N. E. 2d 233; *Gorby, et al.* v. *McEndarfer* (1963), 135 Ind. App. 74, 191 N. E. 2d 786; *Myers, Administrator, etc.* v. *Wyrick* (1963), 134 Ind. App. 670, 191 N. E. 2d 107; *Gaut, et al.* v. *Gaut, Administratrix, etc.* (1963), 134 Ind. App. 317, 187 N. E. 2d 580; *Smith, et ux.* v. *Atkinson, et al.* (1962), 133 Ind. App. 430, 180 N. E. 2d 542; *Christian-*

*sen* v. *Hockema* (1962), 133 Ind. App. 417, 181 N. E. 2d 786; *Doolittle, Executor, etc.* v. *Kunschik, et al.* (1962), 134 Ind. App. 125, 186 N. E. 2d 803; *McBride* v. *Griffith, et al.* (1962), 134 Ind. App. 12, 185 N. E. 2d 22; *Von Cline* v. *Cline, Administratrix, etc.* (1960), 130 Ind. App. 473, 165 N. E. 2d 608; *Jones, et al.* v. *Greiger, Trustee, etc., et al.* (1960), 130 Ind. App. 526, 166 N. E. 2d 868; *Freeport Motor Casualty Co., et al.* v. *Chafin* (1960), 131 Ind. App. 362, 170 N. E. 2d 819; *Metrailer, et al.* v. *Bishop, et al.* (1959), 130 Ind. App. 77, 162 N. E. 2d 94.

The appellees appear to be asserting that this court can review neither the trial court's conclusions of law nor its findings of fact by only specifying in the motion for a new trial that the decision of the court is contrary to law. The appellees' argument seems to be based on the proposition that the appellant argued in its brief that the trial court erred in certain of its findings of fact and conclusions of law. However, as stated above, the appellant has not attacked any specific finding of fact or conclusion of law, but maintains that the uncontradicted evidence adduced in the case at bar can lead to only one result, namely, that the trial court's decision is contrary to law because the trial court reached an opposite result.

The appellees have cited the case of *Edwards* v. *Wyllie* (1964), 246 Ind. 261, 203 N. E. 2d 200. However, in the *Edwards* case the Supreme Court spoke as follows:

"This leaves us with the errors assigned in the motion for new trial. Appellant claims that the decision of the court is not sustained by sufficient evidence. . . .

. . . .

"It is next argued that the specifications contained in the motion for new trial that "the decision is contrary to law 'presents all of the issues thereby tendered in this appeal.' *It has been held many times that only where the evidence is without conflict and leads to but one reasonable conclusion and the trial court has reached a contrary conclu-*

*sion the decision will be disturbed as being contrary to law."* (Emphasis supplied).

The Supreme Court then considered the specification in the motion for a new trial that the decision was contrary to law.

This appears to us to be the exact proposition set forth in appellant's original brief, namely, the evidence is without conflict that no *valid* contract of insurance was created since the parties thereto failed to agree upon all the necessary terms.

The appellees further maintain that a court cannot consider whether a decision is contrary to law by examining the evidence because it is not specified that the trial court erred in any of its findings of fact. To support this proposition the appellees have cited the case of *Grusd* v. *Grusd, Guardian, etc., et al.* (1963), 135 Ind. App. 112, 192 N. E. 2d 499; *Nunemaker* v. *Glassburn* (1965), 137 Ind. App. 655, 210 N. E. 2d 668; and *Southport Board of Zoning Appeals et al.* v. *Southside Ready Mix Concrete, Inc. et al.* (1961), 242 Ind. 133, 176 N. E. 2d 112.

It is our opinion, after reviewing the above authorities cited by the appellees, that it becomes apparent that one admits the facts *only as found* when he is attacking conclusions of law; that when asserting that a trial court erred in its conclusions of law, an appellant is, in effect, arguing that the trial court reached an erroneous conclusion of law from the facts as found; that this concept is clearly unrelated and cannot be applied to a specification in a motion for a new trial that the decision is contrary to law.

It is further our opinion that the appellees have demonstrated a basic misunderstanding as to when one specifies error in findings of fact and conclusions of law, and it seems to be the theory of the appellees that even when one is specifying that a decision is contrary to law, it is necessary to assign that each conclusion of law and finding of fact is

erroneous so that the trial court will be in a better position to correct possible errors. That appellees' rationale has been rebutted by citation of the numerous decisions which specifically hold that it is correct to specify that a decision is contrary to law when arguing that the evidence is without conflict, can lead to but one reasonable conclusion, and the trial court has reached a contrary conclusion.

Moreover, it is our opinion that this theory of the appellees must be dispelled by reference to Rule 1-14B, the new Supreme Court rule that became effective on March 1, 1967, which reads as follows:

> "Whenever a new trial is required on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law', the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is "insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

It is our observation that if specifications of error and conclusions of law and findings of fact are always required to be included in the motion for a new trial so that the trial court will be in a better position to analyze possible errors, as asserted by the appellees, then for what possible reason was this new rule enacted? It appears that the Rule recognizes that the specification of error alone may not enable the trial court to analyze its possible errors, and therefore requires a memorandum for the obvious benefit of the trial court. It is our opinion that if the appellees' reasoning is to be accepted, there would have been no necessity for this new rule.

In summary, we are of the opinion that the appellant is entitled to have this appeal decided on its merits.

We will now turn our attention to the objections raised by the appellant insurance company concerning the merits of this appeal, namely, that no valid and legally enforceable

contract of insurance was ever created between the insurance company and the appellee Ross Wolfe, in view of the fact that the evidence conclusively shows that the parties failed to agree upon all the terms necessary to the creation of a contract. It is the contention of appellant insurance company that the trial court committed reversible error in finding that either an oral or a written contract of insurance, of binding effect, was ever created, and that the appellant insurance company has been denied the relief to which it is entitled under the law.

It has been established many times under the common law of this state that it is necessary to the formation of a contract of insurance, whether in writing or by parol, for the minds of the parties to have met upon the essential elements of a contract, which elements are: (1) the subject of insurance; (2) the risk or peril insured against; (3) the amount of coverage; (4) the limit and duration of the risk; and (5) the amount of the premium to be paid. *Live Stock Insurance Company of Huntington, Wabash and Whitley Counties* v. S*tickler* (1917), 64 Ind. App. 191, 115 N. E. 691; *Posey County Fire Association* v. *Hogan* (1906), 37 Ind. App. 573, 77 N. E. 670.

In the *Posey County Fire Association* case, our court spoke as follows:

". . . If the parties have not agreed on the subject of insurance, the limit and duration of the risk, the perils insured against, the amount to be paid in the event of a loss, the rate of premium, or upon any other element or term which may be peculiar to the particular contract, whatever may have been the negotiations or propositions passing between them, these have not reached the form and obligation of a subsisting contract. *In other words, the negotiations must leave nothing open for future determination, but must attain the condition of a definite and complete agreement,* binding the insured to pay the premium though the loss does not happen, as well as binding the insurer to pay the amount insured if the loss does happen. . . ." (Emphasis supplied).

In the case of *The Celina Mutual Casualty Company* v. *Baldridge* (1937), 213 Ind. 198, 10 N. E. 2d 904, the Supreme Court, in quoting from the case of *Clark* v. *Insurance Co. of North America* (1896), 89 Maine 26, 35, 36, 35 Atl. 1008, 1011, said in substance as follows:

"The contract of insurance is to be tested by the principles applicable to the making of contracts in general. The terms of the contract must have been agreed upon. This necessarily implies the action of two minds,—of two contracting parties. *If it is incomplete in any material particular, or the assent of either party is wanting, it is of no binding force. . . .*" (Emphasis supplied).

The appellant maintains that in applying the foregoing recital of authorities to the evidence adduced in the case at bar, said evidence is without conflict, can lead to but one conclusion, and shows conclusively that the appellant insurance company has been denied the relief to which it is entitled under the law.

The appellant maintains that the record is entirely devoid of any evidence establishing the fact that the insurance company and appellee Wolfe ever agreed upon all of the terms and conditions necessary for the creation of a valid contract of insurance, as said terms and conditions were hereinbefore set out. The trial court's Findings of Fact recite as follows:

"5. That the term of said contract of insurance was to be for a period of one year and was according to the agent to be effective immediately and the premiums for which were to be paid for in the manner previously and customarily adopted by the parties in their previous business transactions during which the agent Carl O. Fisher sold to the defendant Ross Wolfe six (6) policies of automobile liability insurance issued by the plaintiff Farmers Mutual[s] Insurance Company.

"6. That the agent Carl O. Fisher stated to the defendant Ross Wolfe at the time that the oral contract of farm liability insurance was entered into that the premium would be between thirty and forty dollars.

. . . .

"8. That thereafter the plaintiff's agent Carl O. Fisher upon calling at the defendant's home reaffirmed the fact that a policy of farm liability insurance had actually issued, was located at the agent's home but that he the agent had forgotten to bring it to the named insured."

The appellant insurance company maintains that a cursory review of the trial court's findings reveals that there was no finding—and there is no evidence in the record from which it could be found—that the appellant insurance company and appellee Wolfe agreed upon the following elements which are necessary to the creation of a binding and enforceable contract of insurance, namely:

(1) *The subject of insurance, that is, the farms or farming operation to be insured;*

(2) *The risks or perils which would be insured against;* and

(3) *The amount of coverage to be afforded under the proposed insurance policy.*

See, *Live Stock Insurance Company of Huntington, Wabash and Whitley Counties* v. *Stickler* (1917), *supra*, and *Posey County Fire Association* v. *Hogan, supra.*

The appellant contends that as to Finding of Fact No. 6, relating to the amount of premium, the trial court was in error. The record discloses that appellee Wolfe stated that he was informed by Mr. Fisher not to worry about the premiums as the amount thereof would be deducted from his salary. Fisher further stated that he may have told Wolfe the premium would probably be between thirty and forty dollars, and the trial court so found. Appellant states that this finding in and of itself demonstrates that the trial court misunderstood and misapplied the applicable law; for, according to the above-cited authorities, *there must be an agreement as to the exact amount of premium to be paid in order to create a binding contract.* In other words, there must be a *definite* understanding as to the *exact* amount of the premium to be paid.

The appellant insurance company further maintains that where the parties negotiate terms in contemplation of a written contract, and never agree on all of the necessary terms and conditions of the contract, there can be no valid oral contract, citing *Cauman* v. *American Credit Indemnity Co. of New York* (1918), 229 Mass. 278, 118 N. E. 259.

We are of the opinion that no valid and legally enforceable contract of insurance was ever created between the insurance company and the appellee, Ross Wolfe, in view of the fact that the evidence conclusively shows that the parties failed to agree upon all the terms necessary to the creation of a contract, namely, (1) the subject of insurance, that is, the farms or farming operation to be insured; (2) the risk or perils which would be insured against; (3) the amount of coverage to be afforded under the proposed insurance policy; and (4) the amount of the premium to be paid. The appellees have failed to sustain the burden of going forward with the evidence by failing to introduce any evidence that appellee Wolfe and the insurance company agreed to the above enumerated terms and conditions after the appellant insurance company sustained its burden of proof by denying the existence of any sort of policy of insurance.

It is our opinion that the evidence, when viewed most favorably to the appellees, conclusively supports the finding that a written or parol contract of insurance between appellant and appellee Wolfe never in fact existed. In its Findings of Fact, the trial court found that both an oral and written contract of insurance was created; however, in Conclusion of Law No. 2 the court stated as follows:

"2. *An oral contract* of farm liability insurance was made between the plaintiff's agent, Carl O. Fisher, and the defendant Ross Wolfe." (Emphasis supplied).

From an examination of the evidence it is apparent that the agent of the appellant insurance company, Carl Fisher,

with whom appellee Wolfe conducted his negotiations, was nothing more than a soliciting agent, with his authority being limited to soliciting insurance, collecting premiums, submitting applications and performing acts incidental to such power. As such, he was a special agent rather than a general agent, with no specific authority to create an oral contract of insurance on behalf of the appellant insurance company. *The State Life Insurance Company* v. *Thiel* (1939), 107 Ind. App. 75, 20 N. E. 2d 693; *Resnick* v. *Wolf & Cohen Inc., et al.* (D.C. Mun. App., 1946), 49 A. 2d 809; *Sommerio* v. *Prudential Insurance Company of America* (1937), 289 Ill. App. 520, 7 N. E. 2d 631.

The fact that Fisher was an independent contractor in the sense that he controlled the manner and means by which he performed his work, is clearly irrevelant in determining whether he was a special or general agent, with authority to create an oral contract. A special or general agent can be classified as either an employee or an independent contractor.

Clearly, the record discloses that Fisher was a special agent, and as such was not clothed with specific authority to bind his principal orally; therefore, it was incumbent upon appellee Wolfe to show that the appellant insurance company, or its agent, had in the past performed certain acts from which the appellee Wolfe, as a reasonably prudent person, could have inferred that the agent Fisher apparently had authority to orally bind the appellant insurance company. *The State Life Insurance Company* v. *Thiel* (1939), 107 Ind. App. 75, 20 N. E. 2d 693.

The opinion in the *Thiel* case, in quoting from *Patterson* v. *Prudential Ins. Co. of America* (Mo. App., 1930), 22 S. W. 2d 198, 199, said in part as follows:

*"The ultimate question in this instance, therefore, is whether there was a substantial showing of anything from which plaintiff, acting as an ordinarily prudent person, might have had the right to assume that Fritz had the apparent*

*authority to bind the company* by the agreement for preliminary or temporary insurance which she claims was made. . . ." (Emphasis supplied).

The trial court's Finding of Fact No. 7 appears to be in direct conflict with the rule of law announced in the *Thiel* decision. Finding of Fact No. 7 reads as follows:

"*7. That plaintiff's agent Carl O. Fisher never at any time made known to the defendant Ross Wolfe* at the time the oral contract of farm liability insurance was consummated that the said Carl O. Fisher had limited authority which would preclude him from making an oral contract of insurance." (Emphasis supplied).

It appears that the trial court incorrectly concluded that it was Fisher's duty to inform appellee Wolfe of his limited authority. The correct rule, as judicially determined in the *Thiel* decision, is that appellee Wolfe was presumed to know of Fisher's limited authority and to act accordingly, *unless by Fisher's actions appellee Wolfe had the right to assume that apparently Fisher had the right to bind appellant.*

The record is completely devoid of any evidence of past acts performed by Fisher from which appellee Wolfe could have reasonably interpreted that there was vested in Fisher the apparent authority to orally bind his principal.

It is, therefore, our opinion that even if Fisher did purport to create a parol contract of insurance, such a contract is not binding upon the appellant insurance company because Fisher was a special agent and did not possess the authority, actual or apparent, to execute the contract, and that the trial court therefore erred in finding that a parol contract was in fact created between appellant insurance company and appellee Wolfe.

Also, it is our opinion that no written policy of farm liability insurance was in fact ever issued by appellant in-

surance company to appellee Wolfe. Therefore, the trial court erred in finding otherwise.

Judgment reversed, with instructions to the trial court to enter judgment for the appellant, Farmers Mutuals Insurance Company.

Cook, P. J. Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 690.