## ANDERSON *v.* IRWIN.

[No. 767A22.  Filed February 29, 1968.
No petition for rehearing filed.]

*Lawrence D. Renfro,* of New Castle, for appellants.

*Scotten and Hinshaw,* of New Castle, and *Scifres, Hollingsworth & Martin,* of Lebanon, for appellee.

### ON MOTION TO DISMISS

FAULCONER, J.—This matter is before the court on appellees' motion to dismiss the appeal or, in the alternative, that the judgment of the trial court be affirmed for the reason of appellants' non-compliance with Rule 1-14B, Rules of the Supreme Court, 1967 Revision. Appellants have filed no answer brief in opposition to this motion. Rule 1-14B, *supra,* which became effective March 1, 1967, states, in part,

> "Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law,' the moving party shall file a memorandum stating specifically under such

itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. . . ."

The record in this cause reveals that appellants' motion for new trial was filed March 13, 1967, and thus falls within the ambit of the above rule. Appellants' motion, omitting the caption and signature, reads as follows:

"Comes now the defendants in the above-entitled cause and move the court for a new trial thereof for the following reasons, to-wit:

"1. The decision or finding of the court is not sustained by sufficient evidence.

"2. The decision and finding of the court is contrary to law and the principals of law applicable to this particular case involving tax title deeds.

"WHEREFORE the defendants pray the Court for a new trial of said cause."

The above are the only reasons given as grounds for the granting of the motion for new trial. Nowhere in the transcript or appellants' brief can a memorandum be found as required in Rule 1-14B, *supra*. Furthermore, this rule also states that,

"The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

Since appellants have failed to file a memorandum pointing out the insufficiency of the evidence or wherein the decision is contrary to law, any alleged error on these grounds must be deemed waived. Therefore, there being no other grounds specified in the motion for new trial, the assignment of errors presented by the appellants that "[t]he court erred in overruling appellants' motion for a new trial" presents no question for the consideration of this court, and the judgment of the trial court is affirmed.

Judgment affirmed.

Carson, C. J., Bierly, Cooper, Pfaff, Prime and Smith, JJ., concur.

Cook, P. J., not participating.

NOTE.—Reported in 234 N. E. 2d 276.