BUFORD *v.* JOHN DOE AND JONES AND LAUGHLIN STEEL CORPORATION.

[No. 168A2. Filed August 27, 1968. No Petition for Rehearing filed.]

*Thomas M. Crowdus,* of Indianapolis, for appellant.

*Rocap, Rocap, Reese & Young,* of Indianapolis, for appellees.

CARSON, C. J.—This appeal comes to us from the Marion County Municipal Court No. 2 and involves a personal injury action. The issues were formed by plaintiff-appellant's complaint and defendant-appellees' answer in denial under Rule 1-3 of the Rules of the Supreme Court of Indiana. The facts leading to the initiation of the action below, should be summarily set forth at this point.

Plaintiff-appellant, Carl Buford, was employed at Hygrade at the time of the alleged mishap. On the day of November 3, 1965, he and a fellow employee, Elbert Watts, had eaten their lunches in a car which was parked in a parking lot. A few minutes before 1:00 P.M., they left the parking lot and proceeded to walk back to their jobs in the Hygrade Plant. As they walked down Chesapeake Street, they came to a truck, owned by defendant-appellee, Jones and Laughlin Steel Corporation, which was blocking the sidewalk. Mr. Watts testified, as did the plaintiff-appellant, that the truck was loaded with large steel beams which protruded from the front and back of the truck.

Mr. Watts testified that as he approached the truck, he saw the beams and ducked under them. He further testified that Mr. Buford always walked slower than he, and was consequently following behind him (Mr. Watts). As plaintiff-appellant approached the truck, he failed to see the protruding beams and ran into them, sustaining injury to his head. Thereafter, appellant filed this action against Jones and

Laughlin Steel Corporation and its employee truck driver (herein, John Doe, as the exact name was unknown to the appellant), claiming damages for personal injury. Trial was to a jury and at the conclusion of the appellant's case in chief, the court sustained appellees' motion for a directed verdict. A verdict was returned for the defendant-appellees and judgment was entered accordingly.

Plaintiff-appellant filed his motion for a new trial specifying as error, the following:

"1. The decision of the Court is contrary to law.

"2. The decision of the Court is not sustained by sufficient evidence.

"3. Error of law occurring at the trial, as follows:

    (a) The Court erred in sustaining defendant's Motion made at the close of the plaintiff's evidence to instruct the Jury to return a verdict for defendants.

    (b) The Court erred in instructing the Jury to return a verdict for the Defendants, at the close of the plaintiff's evidence."

Appellant's sole assignment of error is that the trial court erred in overruling his motion for a new trial. Specification Nos. 1 and 2 of appellant's motion for a new trial are waived, as appellant has failed to file a memorandum in support thereof. Rule 1-14B, Rules of the Supreme Court of Indiana. *Farmers Mutuals Insurance Co. v. Wolfe, et al.* (1968), 142 Ind. App. 206, 233 N. E. 2d 690, 13 Ind. Dec. 107; *Anderson v. Irwin* (1968), 142 Ind. App. 302, 234 N. E. 2d 276, 13 Ind. Dec. 266.

Specification No. 3 of appellant's motion for a new trial presents alleged error by the trial court in peremptorily instructing the jury to return a verdict for the appellee. In the argument portion of his brief, appellant contends that by directing the verdict, the trial court violated his Constitutional right to trial by jury.

Our Supreme Court has repeatedly held that no consideration will be given to an argument where the motion for a new trial did not contain a specification as a basis ■ for the argument. An appellant must first give the trial court an opportunity to correct any alleged error by specifying the same in the motion for a new trial. We call attention to the following language in the recent case of *Scott v. State* (1968), 250 Ind. 532, 234 N. E. 2d 474, 479, 13 Ind. Dec. 313, wherein the Supreme Court said:

> "Finally, the constitutional error was not raised in the appellant's motion for new trial. Errors asserted as ground for review on appeal must be included in a motion for new trial. *Hayden v. State* (1964), 245 Ind. 591, 199 N. E. 2d 102, 201 N. E. 2d 329."

Appellant aptly sets forth the rules of law governing a trial judge when presented for consideration with a motion for directed verdict and a request for a peremptory ■■ instruction. We agree with appellant's contention that when a trial judge violates the restrictions placed upon his authority and proceeds to direct a verdict, he has invaded the province of the jury and his action thereon is ground for reversal. However, appellant does not demonstrate reversible error herein. There is no showing, by application of the record, wherein considering the evidence most favorable to the appellant and inferences which reasonable minded men might have drawn therefrom, that the court was not justified in directing the verdict. Neither is there demonstrated any conflict or contradictions in the evidence introduced. The trial judge herein decided that the appellant was contributorily negligent as a matter of law. Appellant makes no attempt to refute this finding. As appellant has demonstrated no reversible error, the judgment of the Municipal Court of Marion County stands affirmed.

Judgment affirmed.

Cooper, Faulconer, and Prime, J.J., concur.

NOTE.—Reported in 239 N. E. 2d 594.