RESOLUTE INSURANCE CO. OF HARTFORD, CONNECTICUT *v.* LIPPMAN AND NUPPNAU, TRUSTEES AND ROZANSKI

[No. 1267A115. Filed October 28, 1968. No Petition for Rehearing filed]

*Isadore D. Rosenfeld* and *William E. Voor, Jr.,* of South Bend, for appellant.

*William N. Farabaugh* and *Chapleau, Roper, McInery & Farabaugh,* of counsel, of South Bend, for appellee.

SMITH, J.—This action arose as a result of a previous action brought by the appellees for the recovery of certain real property in the possession of appellant. A writ of replevin [ejectment] was issued and was subsequently executed by the Sheriff of St. Joseph County, and appellant then executed and delivered to said Sheriff its delivery bond with Resolute Insurance Company of Hartford, Connecticut, as its surety thereon, and said bond was subsequently approved by the Sheriff. On April 12, 1966, plaintiffs (appellees herein) recovered a judgment against defendants (appellants herein) in which the court awarded plaintiffs possession of the real property and damages for detention of the property in the sum of $12,600.00 plus interest and costs thereon.

Appellant did not satisfy the judgment recovered by the appellees in the ejectment action, and the appellees then brought this action, alleging that the conditions of the surety bond had been violated in that appellant did not safely keep the appellees' property and did not satisfy the judgment awarded to the appellees in the previous ejectment action. Appellant appeared and denied the allegations of appellees' complaint. Appellees then filed a motion for summary judgment with affidavit in support thereof. On June 12, 1967, a hearing was held on the motion for summary judgment and the court sustained said motion and entered judgment in favor of appellees in the sum of $5,000.00 (the amount of the bond).

On September 6, 1967, the appellant filed its motion for new trial with a memorandum in support thereof. On September 27, 1967, the court denied appellant's motion for new trial and this appeal followed.

Appellant's motion for new trial alleges that:

"1. The *judgment* of the court is not sustained by sufficient evidence. .

2. The *judgment* of the court is contrary to law.

3. The *judgment* of the court is not sustained by sufficient evidence and is contrary to law." (Emphasis supplied).

Appellant's memorandum in support of its motion for new trial is as follows:

"It is respectfully submitted that a delivery bond is filed with the Court for the sole purpose of protecting the Plaintiff in so far as his property is concerned. If the Defendant upon the rendering of a verdict for the Plaintiff shall deliver the property involved safely and in good order, the delivery bond of the defendant shall have no force or effect.

"The fact that this delivery bond states 'and will also pay the Plaintiffs all such sums of money as they may recover in this action or that they may recover for the breach of said bond' only applies in so far as this action is concerned to damage done to the property of the Plaintiff or to a breach of this bond whatever it may be."

The motion for a new trial filed by the appellant does not comply with Supreme Court Rule 1-14B, which reads as follows:

"Rule 1-14B. New Trial—Memorandum. Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law', *the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion*

*shall be deemed to have waived any ground not specified in the memorandum.* Adopted January 13, 1967. Effective March 1, 1967." (Emphasis supplied.)

The memorandum attached to appellant's motion for a new trial does not raise any of the questions propounded by appellant in this appeal; but only raises the question that the extent of the condition in the bond was solely for the purpose of delivery of the property involved to the appellees in a safe condition.

Supreme Court Rule 1-14B compels waiver of any ground not specified in the memorandum in support of a motion for new trial. Appellant's memorandum contends that the bond is applicable only if damage is done to the property, and that the other alternative conditions of the instrument do not apply. Appellant, in its brief, does not argue the point inadequately raised in its memorandum, but rather, concerns itself with other issues previously waived by its failure to state them in its memorandum.

The court has, on several occasions, interpreted this rule, the most recent interpretation being *Buford v. Doe* (1968), 143 Ind. App. 259, 239 N. E. 2d 594, 15 Ind. Dec. 240, wherein the court said:

"Appellant's sole assignment of error is that the trial court erred in overruling his motion for a new trial. Specification Nos. 1 and 2 of appellant's motion for a new trial are waived, as appellant has failed to file a memorandum in support thereof. Rule 1-14B, Rules of the Supreme Court of Indiana. *Farmers Mutuals Insurance Co. v. Wolfe, et al* (1968), 142 Ind. App. 206, 233 N. E. 2d 690; *Anderson v. Irwin* (1968), 142 Ind. App. 302, 234 N.E. 2d 276."

Appellant did not file a memorandum in support of the specifications in its motion for new trial and this court is of the opinion that the decision of the trial court should be affirmed.

Further, the assignment of error herein that the *judgment* is not sustained by sufficient evidence or is contrary to law

presents no question for our consideration. *Metropolitan Life Ins. Co. v. Schneider* (1935), 99 Ind. App. 570, 193 N. E. 690; see also Burns' Ind. Stat. (1968 Repl.), Sec. 2-2401, sixth clause, which reads in part as follows:

"* * *

Sixth. That the *verdict or decision* is not sustained by sufficient evidence, or is contrary to law." (Emphasis supplied.)

Judgment affirmed.

Bierly and Pfaff, JJ., concur.

Cook, P.J., not participating.

NOTE.—Reported in 241 N. E. 2d 160.