**James BORTON, Linda Borton, and Robert Ackley, Appellants (Plaintiffs Below),**

v.

**Jack LAVENDUSKEY and Violet Lavenduskey, Appellees (Defendants Below).**

No. 4–485A90.

Court of Appeals of Indiana, Fourth District.

Dec. 23, 1985.

James J. Olson, Mishawaka, for appellants.

Edward N. Kalamaros, Thomas Cohen, Edward N. Kalamaros & Associates Professional Corp., South Bend, for appellees.

CONOVER, Judge.

Plaintiff-appellant, James Borton (Borton) appeals an order granting summary judgment favoring defendants-appellees Violet Lavendusky, and Violet Lavendusky as successor in interest to Jack Lavendusky (Lavenduskys) in a personal injury action arising from Borton being kicked by the Lavenduskys' steer.

We reverse.

ISSUE

The sole issue raised here is whether the trial court erred in granting the Lavenduskys' motion for summary judgment.

FACTS

Borton has been a farm hand on the Ackley dairy farm in North Liberty for 10 years. On June 15, 1982, he as a volunteer went with his employer, Robert Ackley (Ackley) to the Lavenduskys' neighboring farm to load some of the Lavenduskys' cattle onto a trailer for marketing.

The trailer was divided into front and back sections separated by a center gate. Borton's job was to open that gate so some of the cattle could reach the front section. After it was full, Borton was to close the gate to keep the cattle placed there in place, so as to maintain the trailer's balance while the cattle were in transit.

While loading the cattle, Borton noticed a particular steer was "acting a little nervous." While guiding the steer to the front section, he partially turned his back. While Borton was so positioned, the steer kicked him in the knee. Borton sustained tendon and ligament damage.

Borton stated in his deposition he was an experienced cattleman who had been around steers most of his life. Years earlier he had been kicked by another steer, knew they could kick when nervous or when placed in confined areas. Borton also testified he knew the Lavenduskys' steer was nervous before it kicked him, but was not warned by the Lavenduskys the steer was more prone to kick than their other steers until after the incident.

The Lavenduskys moved for summary judgment under Trial Rule 56, claiming there was (a) no genuine issue of material fact, and (b) Borton incurred the risk of getting kicked by the nervous steer as a matter of law. The trial court granted their motion.

DISCUSSION AND DECISION

Borton claims the trial court's grant of summary judgment was contrary to law, claiming conflicting inferences can be gleaned from these facts as to whether he had actual knowledge of the specific risk he incurred while loading the steer which kicked him. Namely, he claims the Lavenduskys knew the steer in question had a greater tendency to kick than the average steer, but failed to warn him of that fact until after the incident. We agree with Borton's contention summary judgment was granted improvidently in this case.

SUMMARY JUDGMENT

Summary judgment is appropriate only when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (filed November 13, 1985), 484 N.E.2d 1303, 1305–1306.

When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. We must liberally construe all evidence in favor of the nonmovant and resolve any doubts as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729. Summary judgment may not be used as a substitute for trial to resolve factual disputes. Even if the trial court believes the nonmoving party will not be successful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be entered. *Grimm v. Borkholder* (1983), Ind.App., 454 N.E.2d 84, 86.

INCURRED RISK

In the present case, the trial court held Borton incurred the risk as a matter of law. This holding was based on Borton's deposition statement he was familiar with cattle and their general tendencies; they could kick when nervous or when placed in confined areas; and the Lavenduskys' steer was acting a little nervous.

■ The doctrine of incurred risk is based upon the proposition one incurs all ordinary and usual risks of an act upon which he voluntarily enters, so long as those risks are known and understood by him, or could be readily discernible by a reasonable and prudent man under like or similar circumstances. *Stallings v. Dick* (1965), 139 Ind.App. 118, 210 N.E.2d 82, 88. In *Stallings, supra,* the court quoted *Pierce v. Clemens* (1943), 113 Ind.App. 65, 46 N.E.2d 836 for the proposition

"Where the evidence on the question of assumed or incurred risk presents an issue of fact, that issue is for the jury, *but*

*where there is no real dispute in the evidence bearing on that question, it is for the court to say as a matter of law that the plaintiff assumed or incurred that risk." (Emphasis in original).*

In *Power v. Brodie* (1984), Ind.App., 460 N.E.2d 1241, 1243, Judge Ratliff further defined the doctrine of incurred risk, stating:

It involves a mental state of venturousness on the part of the actor, and demands a subjective analysis into the actors *actual knowledge* and voluntary acceptance of the risk. By definition ... the very essence of incurred risk is the conscious, deliberate and intentional embarkation upon the course of conduct with knowledge of the circumstances. *It requires much more than the general awareness of a potential for mishap.* Incurred risk contemplates acceptance of a specific risk of which the plaintiff had actual knowledge. (Emphasis supplied, citations omitted).

■ Borton admits he has been around cattle since he was a boy. He knew a steer could kick him if it were nervous. Borton claims, though, the Lavenduskys knew this particular steer was "wild" and had a greater tendency to kick than the average one. Thus, he claims he could not have incurred the risk as a matter of law because an issue of fact exists regarding the Lavenduskys' failure to warn him about the "wild" steer. We agree.

■ The owner of a domestic animal is bound to take notice of the general propensities of the class to which it belongs, and also of any particular propensities peculiar to the animal itself of which he has knowledge or is put on notice. Insofar as such propensities are likely to cause injury, he must exercise reasonable care to guard against them and to prevent injuries reasonably anticipated therefrom. *Doe v. Barnett* (1969), 145 Ind.App. 542, 251 N.E.2d 688, 694.

■ It is well settled in this state cattle are not naturally ferocious or dangerous animals and the owner thereof is not

strictly liable for injuries caused thereby unless the owner had knowledge of the vicious propensity of the particular animal. *Thompson v. Lee* (1980), Ind.App., 402 N.E.2d 1309, 1311. The liability of the owner is predicated upon his omission of duty to impart that information, but such omission does not render him liable if negligence of the injured party contributes to the injury.[1] *Williams v. Pohlman* (1970), 146 Ind.App. 523, 257 N.E.2d 329, 331. Whether Borton was contributorily negligent is a factual issue for a jury at trial. We do note, however, incurred risk is a defense to a claim of negligence, separate and distinct from the defense of contributory negligence. *Power v. Brodie, supra,* 460 N.E.2d at 1242.

Incurred risk as a defense to Borton's recovery can be found as a matter of law *only* if the evidence is without conflict and the sole inference to be drawn therefrom is he (a) had actual knowledge of the danger in loading this particular steer, and (b) understood and appreciated the risk. *See, Moore v. Federal Pacific Electric Co.* (1980), Ind.App., 402 N.E.2d 1291, 1293.

Because conflicting inferences can be drawn regarding Borton's knowledge and acceptance of the specific risk in loading this steer, summary judgment was inappropriate here.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER, J., concurs.

YOUNG, P.J., dissents without opinion.

---

**1.** We note this incident occured on June 15, 1982. Indiana's Comparative Fault statute, I.C. 34–4–33–1, et seq., is a 1983 enactment which became effective January 1, 1985. This act does not apply to any civil action which accrues before the effective date.