Allen BECKETT, Appellant
(Plaintiff Below),

v.

CLINTON PRAIRIE SCHOOL CORP.,
Appellee (Defendant Below).

No. 12A04–8601–CV–10.

Court of Appeals of Indiana,
Fourth District.

June 30, 1986.
Rehearing Denied Aug. 19, 1986.

George G. Ponton, Frankfort, for appellant.

William E. Emerick, Mark E. McGrady, Stuart & Branigin, Lafayette, for appellee.

CONOVER, Judge.

Plaintiff-Appellant Allen Beckett (Beckett) appeals an order granting summary judgment favoring Defendant-Appellee Clinton Prairie School Corporation (Clinton Prairie) in a personal injury action ensuing from a collision during baseball practice.

We reverse and remand.

ISSUE

The sole issue raised here is whether the trial court erred in granting Clinton Prairie's motion for summary judgment, finding:

a) Clinton Prairie did not breach its duty of care to Beckett, and

b) Beckett incurred the risk of injury as a matter of law.

FACTS

On April 25, 1984, Beckett was injured while participating in baseball practice at Clinton Prairie High School. Beckett, a senior, was in his fourth year as a player on the team. Beckett was an outfielder. On the day of the injury, the outfielders practiced under assistant coach Dan Hilgedick (Coach Hilgedick) on a long and

wide field south of the high school. The regular playing field was too wet for use.

Coach Hilgedick conducted an outfielder's drill, in which he was the hitter. Thirty yards directly in front of him was the cut off man (freshman Kent Wein). Thirty to forty yards beyond the cut off man were the outfielders, lined up facing the hitter and approximately perpendicular to the ball's line of flight. Coach Hilgedick would hit fly balls to the outfielder on the end of the line, who would catch the ball and relay it to the cut off man, who would throw the ball to a shag man standing next to the coach.

The accident occurred after Coach Hilgedick hit a high fly ball to Beckett. The wind was blowing hard and it was difficult for the players to hear. Beckett called for the ball. Meanwhile, Coach Hilgedick called for the cut off man (Wein) to catch the ball. Beckett said he did not hear Wein call for the ball. Wein said he was only to catch the ball upon receiving instructions from the coach. Neither the coach nor Wein heard Beckett call for the ball. Wein and Beckett collided head-on. Beckett suffered a broken jaw and Wein's nose was broken.

During the first week of practice each season, the baseball players received a packet of instructions from the baseball coaches. This packet included rules for outfielders. Among the communication rules for outfielders were: "once you call for a ball, it's yours" and "outfielders have preference over infielders." Both players were aware of these rules and both players were aware a collision could occur on a baseball field or in practice.

The trial court granted Clinton Prairie's motion for summary judgment, finding: (a) Clinton Prairie did not breach its duty of care to Beckett, and (b) Beckett incurred the risk of injury as a matter of law. Beckett appeals.

## DISCUSSION AND DECISION

### Summary Judgment

Beckett claims the trial court erred in granting Clinton Prairie's motion for summary judgment. He argues conflicting inferences may be gleaned from the facts as to whether the coach's actions constituted negligent supervision.

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306.

When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. We must liberally construe all evidence in favor of the nonmovant and resolve any doubts as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729. Summary judgment may not be used as a substitute for trial to resolve factual disputes. Even if the trial court believes the nonmoving party will not be successful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be entered. *Grimm v. Borkholder* (1983), Ind.App., 454 N.E.2d 84, 86.

### A. *Negligence: Breach of Duty*

In Indiana, the tort of negligence is comprised of three elements: (1) a duty on the part of the defendant in relation to the plaintiff, (2) failure on the part of defendant to conform its conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff resulting from such failure. *Ingram v. Hook's Drugs, Inc.* (1985), Ind.App., 476 N.E.2d 881, 883. Generally, the question of negligence is one to be given to the jury. *Koroniotis v. LaPorte Transit, Inc.* (1979), Ind.App., 397 N.E.2d 656, 658.

In this case, there is no question the school and its coaching staff owed Beckett, a team member, a duty under the relationship. Our supreme court has imposed the

990

duty upon school authorities to exercise reasonable care and supervision for the safety of children under their tutelage. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701, 706.

■ The second element stated in *Ingram, supra*, is fact sensitive in this case. Although schools are not insurers of their pupils' safety, nor strictly liable for their injuries, the appropriate standard is whether the defendant exercised that level of care which a reasonable and prudent person would have exercised under the same or similar circumstances. *Dibortolo v. Metropolitan School District of Washington Township* (1982), Ind.App., 440 N.E.2d 506, 509; *see Norman v. Turkey Run Community School Corp.* (1980), Ind., 411 N.E.2d 614, 616–617.

■ Viewing the facts liberally in a light most favorable to Beckett as we must, it is apparent a dispute of material fact exists as to whether Coach Hilgedick's conduct conformed to the requisite standard of care.

On the day of practice, the wind blew at a speed which made coaching commands difficult to hear. Beckett, seventy yards away from the coach, responded to the fly ball in compliance with the written instruction "outfielders have preference over infielders." Coach Hilgedick, knowing his written instructions to outfielders and the wind conditions that day which made hearing difficult, called for the cut off man to catch the ball. It cannot be said his action under the circumstances conformed to the requisite standard of care as a matter of law. This question must be resolved by the trier of fact.

### B. *Incurred Risk*

■ The trial court also found Beckett incurred the risk of injury as a matter of law. We disagree. Incurred risk is generally a question of fact for the jury. *Moore v. Federal Pacific Electric Co.* (1980), Ind. App., 402 N.E.2d 1291, 1293; *Kroger Co. v. Haun* (1978), 177 Ind.App. 403, 379 N.E.2d 1004, 1007.

In *Borton v. Lavendusky* (1985), Ind. App., 486 N.E.2d 639, we stated:

The doctrine of incurred risk is based upon the proposition one incurs all ordinary and usual risks of an act upon which he voluntarily enters, so long as those risks are known and understood by him, or could be readily discernible by a reasonable and prudent man under like or similar circumstances. *Stallings v. Dick* (1965), 139 Ind.App. 118, 210 N.E.2d 82, 88. In *Stallings, supra*, the court quoted *Pierce v. Clemens* (1943), 113 Ind.App. 65, 46 N.E.2d 836 for the proposition.

"Where the evidence on the question of assumed or incurred risk presents an issue of fact, that issue is for the jury, *but where there is no real dispute in the evidence bearing on that question, it is for the court to say as a matter of law that the plaintiff assumed or incurred that risk.*" (Emphasis in original).

In *Power v. Brodie* (1984), Ind.App. 460 N.E.2d 1241, 1243, Judge Ratliff further defined the doctrine of incurred risk, stating:

It involves a mental state of venturousness on the part of the actor, and demands a subjective analysis into the actors *actual knowledge* and voluntary acceptance of the risk. By definition ... the very essence of incurred risk is the conscious, deliberate and intentional embarkation upon the course of conduct with knowledge of the circumstances. It requires much more than the general awareness of a potential for mishap. Incurred risk contemplates acceptance of a specific risk of which the plaintiff had actual knowledge. (Emphasis supplied, citations omitted).

486 N.E.2d at 641.

In this case, Beckett admitted he was aware of a potential for collisions at baseball practice. Nevertheless, much more than this general awareness is required in order to find one has incurred a risk as a matter of law. Only the finder of fact may

resolve the issue of whether Beckett had actual knowledge here of the conditions then existing so as to have incurred the risk of injury.

Reversed and remanded for further proceedings consistent with this opinion.

YOUNG, P.J., and MILLER, J., concur.